UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTONIO MCWOODSON,

    Plaintiff,

    v.

CAROLYN W. COLVIN,

    Defendant.

Case No. 14-cv-04170-VC

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 15

    Antonio McWoodson seeks review of the Social Security Commissioner's denial of benefits. Among other things, McWoodson contends the Administrative Law Judge ("ALJ") erred in rejecting the opinion of one of McWoodson's treating physicians, Dr. Rachel Shorr, without providing specific and legitimate reasons for doing so.

    In his written decision, the ALJ noted that Dr. Shorr (described in the ALJ's decision as "a physician at [Lifelong] West Berkeley") had treated McWoodson for neck, back, shoulder, and knee pain in February 2012, and that Dr. Shorr had opined that McWoodson "was incapable of low stress jobs and that his pain or other symptoms were severe enough to interfere with his attention and concentration frequently." AR 26. The ALJ further noted that, in Dr. Shorr's opinion, McWoodson could "sit for five hours, stand for three hours, and walk for one hour in an eight hour workday," but that he "would miss more than four days of work per month due to his impairment." *Id.*

    The ALJ did not expressly reject Dr. Shorr's opinion. In fact, the ALJ did not make any comments, positive or negative, about Dr. Shorr's opinion. But the ALJ's determination about McWoodson's residual functional capacity did not include the restrictions Dr. Shorr described. In determining McWoodson's residual functional capacity, the ALJ found that McWoodson could "stand/walk for four hours . . . [and] sit for six hours of an eight hour workday." AR 24. By disregarding Dr. Shorr's opinion and making contrary findings, the ALJ effectively rejected that opinion.

1   At the hearing on the motions for summary judgment, the Commissioner argued that the
2   ALJ's opinion is sufficient under *Magallanes v. Bowen*, 881 F.2d 747 (9th Cir. 1989), because the
3   ALJ gave specific and legitimate reasons for rejecting the opinions of McWoodson's other doctors
4   and it can be inferred from the ALJ's opinion that the same reasoning applies to Dr. Shorr's
5   opinion.  But even if the ALJ did provide specific and legitimate reasons for rejecting the opinions
6   of McWoodson's other doctors, the ALJ's failure to provide any explanation for rejecting Dr.
7   Shorr's opinion requires that this case be remanded for a redetermination of McWoodson's
8   eligibility for benefits.

9   It's true that in *Magallanes* the Ninth Circuit explained that an ALJ need not recite specific
10  "magic words" in rendering a decision, and a reviewing court is entitled to draw inferences from
11  that decision.  *Id.* at 755.  There, the Ninth Circuit concluded that "there was substantial evidence
12  supporting the ALJ's decision rejecting Dr. Fox's opinion as to the onset date of Magallanes's
13  disability," despite the fact that the ALJ's opinion did not literally say, "I reject Dr. Fox's opinion
14  about the onset date because . . . ."  *Id.*  But the Ninth Circuit noted that the ALJ had addressed in
15  detail the reasons for rejecting another doctor's opinion about the disability onset date, and had
16  provided specific and legitimate reasons for crediting other physicians' opinions based on the very
17  same clinical findings that formed the basis for Dr. Fox's opinion.  *Id.*  In other words, while the
18  ALJ might not have expressly addressed Dr. Fox's opinion about the disability onset date, it was
19  clear from the ALJ's opinion that the ALJ had considered the conflicting clinical evidence and the
20  other doctors' analysis of that evidence.  And because the ALJ had provided a detailed explanation
21  of his reasons for accepting one interpretation of that evidence and rejecting another, those reasons
22  necessarily applied to Dr. Fox's opinion.

23  *Magallanes* does not stand for the broader proposition asserted by the Commissioner, that
24  the ALJ need not provide specific and legitimate reasons for rejecting every treating doctor's
25  opinion so long as the ALJ provides such reasons for rejecting some other doctor's opinion.
26  Following *Magallanes*, the Ninth Circuit has continued to emphasize that ALJs must provide
27  specific and legitimate reasons for rejecting the opinion of any treating physician.  *See, e.g.*, *Orn v.*
28  *Astrue*, 495 F.3d 625, 631–35 (9th Cir. 2007).  What's more, the Ninth Circuit has rejected

arguments like the one the Commissioner raises here, albeit in unpublished memorandum dispositions. *See, e.g.*, *Monteiro v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 93, 94 (9th Cir. 2005); *Cochrane v. Barnhart*, 78 F. App'x 561, 562 & n.2 (9th Cir. 2003) ("[A]n ALJ need not recite 'here are my specific, legitimate reasons' in those terms, but an informed medical view cannot be rejected by mere implication. Reasons must be given.").

This case is not like *Magallanes*. The ALJ did provide reasons for rejecting the opinion of another physician, Dr. Rose Lewis – rejecting that opinion on the grounds that it "was too restrictive given the physical findings and appeared to be based mostly on subjective complaints." AR 27. But even if this was a specific and legitimate reason for rejecting Dr. Lewis's opinion (a question that the Court does not reach), that opinion was based on a single examination in July 2011, AR 418, whereas Dr. Shorr's medical source statement was based on her own clinical observations after treating McWoodson for almost an entire year. AR 385, 454–55. Therefore, the Court cannot infer from ALJ's explanation for rejecting Dr. Lewis's opinion that the ALJ rejected Dr. Shorr's opinion for the same reasons.

The ALJ's failure to offer reasons for rejecting Dr. Shorr's opinion was legal error. *See Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996). Accordingly, the Court remands this case to the agency for redetermination of McWoodson's eligibility for benefits.

**IT IS SO ORDERED.**

Dated: July 16, 2015

VINCE CHHABRIA
United States District Judge

3